RUTH ELEANOR DONNELLY v. ELMER D. DONNELLY.

217 N. W. 2d 738.

April 26, 1974—No. 43886.

*Starr & Matykiewicz* and *Richard L. Matykiewicz,* for appellant.
*Elmer D. Donnelly,* pro se, *Thuet, Collins & Mitchell,* and *Jack A. Mitchell,* for respondent.

PER CURIAM.

Plaintiff, Ruth Eleanor Donnelly, was awarded a divorce from defendant, Elmer D. Donnelly, in July 1972. The parties had two minor children, Jeffrey D. Donnelly, born January 7, 1960, and Marc C. Donnelly, born September 27, 1962, who were in plaintiff's custody at the time the decree was issued. The trial court awarded plaintiff custody of the younger of the two boys and defendant custody of the older boy. The trial court further stayed the transfer of custody from plaintiff pending her appeal to this court.

The record discloses that the parties had been married 14 years, owned a home with an equity of approximately $12,000, owned two cars, and had typical household furnishings worth about $2,000. Defendant was employed by Montgomery Ward & Company as a television repairman with a net income of $527 per month plus his own television repair service which netted about $1,000 per year. Plaintiff was employed by Minnesota Mining & Manufacturing Company as an office clerk, with take-home pay of $172 every two weeks. It appears that both parents were very close to their children and loved them deeply. Defendant was involved with his children in church functions and athletic endeavors.

The trial court found that "both parties are fit and proper persons to have the care, custody and control of the children." Plaintiff contends that the court abused its discretion in separating the children. We do not agree.

It is true that the major concern of the court below must be the best interests of the children. It would appear at first blush that the chil-

dren should be kept together. But, of course, the family unit is separated by the divorce in the first instance and the trial court must therefore concentrate on the best interest of each child involved.

Here, the record indicates deep reciprocal love between defendant and his older son and very active and joint participation in mutual interests. The trial court concluded that this was very important in the 12-year-old youth's formative years.

These are hard decisions, and the trial court recognized this when it stated: "But I will do the best I can, gentlemen, to look out for the children first, and the parents secondly, and somebody's heart is going to be broken, if it isn't already, and that is one of the tragedies of life."

After hearing all the evidence and consulting with the children in his chambers, the trial court concluded that defendant was an excellent person to have custody of the older boy, who was himself "old enough to have some views in the matter." We commend the judge for his thoroughness and for his willingness to make this difficult decision, which was based upon his obvious understanding of all those involved in this matter. Should there be any change of circumstances in the future, such conditions can be called to the court's attention, but from the record before us we hold that the lower court did not abuse his discretion.

Affirmed.

MR. JUSTICE TODD and MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.